UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LAWRENCE LENK,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>Defendant. | Case No. 20-cv-08094-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**<br><br>[Re: ECF 34] |

The Court has reviewed Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (ECF 34), Defendant's opposition (ECF 38), and Plaintiff's reply (ECF 41). The motion was not noticed for hearing, and the Court finds it suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. The Ninth Circuit has identified "four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Under unusual circumstances, situations outside those listed above may provide grounds for relief under Rule 59(e). *See id.* However, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks and citation omitted).

Plaintiff has not demonstrate a basis for this extraordinary remedy in this case. While Plaintiff purports to identify errors of law and fact in the Court's dismissal order (ground 1), he simply disagrees with the Court's conclusions that all of his claims were subject to dismissal on one or more grounds, including the *Noerr-Pennington* doctrine, *res judicata*, collateral estoppel, statute of limitations, and failure to allege sufficient facts. His rehash of arguments already considered by the Court and rejected do not constitute a basis for relief. Plaintiff does not present new evidence (ground 2), although he suggests that he has taken steps to procure new evidence in support of his blacklisting claims that he expects to obtain "in the next few weeks." Mot. at 7, ECF 34. Plaintiff's expectation that he may obtain new evidence does not provide a basis for relief. Plaintiff has not demonstrated that the dismissal of this suit – the fourth lawsuit he has litigated in the eight years since separating from employment with Defendant – was manifestly unjust (ground 3). Plaintiff has been afforded numerous chances to state a viable claim for relief against Defendant and has failed to do so. Finally, Plaintiff has not identified any intervening change in controlling law that warrants relief (ground 4). The laws that he identifies were enacted and effective before this latest suit was filed.

Plaintiffs' motion to alter or amend judgment pursuant to Rule 59(e) is DENIED.

This order terminates ECF 34.

**IT IS SO ORDERED.**

Dated: February 15, 2022

_____
BETH LABSON FREEMAN
United States District Judge