\

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LAWRENCE LENK,<br><br>    Plaintiff,<br><br>    v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>    Defendant. | Case No. 20-cv-08094-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PREVAILING PARTY ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF 36] |

Following dismissal of this action – the fourth that *pro se* Plaintiff Kenneth Lenk ("Lenk") has filed against his former employer, Defendant Monolithic Power Systems, Inc. ("MPS") – MPS filed the present Motion for Prevailing Party Attorneys' Fees and Costs ("Fees Motion"). *See* Fees Motion, ECF 34. Plaintiff Kenneth Lawrence Lenk ("Lenk") has filed an opposition and MPS has filed a reply. *See* Opp., ECF 39; Reply, ECF 40. The Court has vacated the hearing that was noticed for March 24, 2022 and submitted the motion for decision without oral argument. *See* Order Submitting Fees Mot., ECF 46.

MPS's Fees Motion is GRANTED IN PART AND DENIED IN PART. MPS seeks attorneys' fees in the amount of $49,740 and costs in the amount of $215.30. The Court awards attorneys' fees in the amount of 25,000 and costs in the amount of $215.30.

**I. BACKGROUND**

Lenk has filed four unsuccessful lawsuits against MPS, claiming that he was subjected to discrimination and other wrongful conduct that resulted in his constructive discharge from MPS in 2013. Those lawsuits are summarized briefly as follows:

***Lenk I*:**  In March 2015, Lenk sued MPS for wrongful constructive discharge from employment and related claims under federal and state law.  *See Lenk v. Monolithic Power Systems, Inc.*, Case No. 15-cv-01148-NC.  The action was dismissed for failure to state a claim, and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") dismissed Lenk's appeal as frivolous.

***Lenk II*:**  In May 2016, Lenk filed a second suit against MPS, again alleging that he was wrongfully discharged and asserting claims for violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  *See Lenk v. Monolithic Power Systems, Inc.*, Case No. 16-cv-02625-BLF.  Lenk also named his former supervisor at MPS, Sciammas.  *See id*.  The action was dismissed as barred by the doctrine of res judicata, and the Ninth Circuit affirmed the dismissal.  *See Lenk v. Monolithic Power Sys., Inc.*, 754 F. App'x 554, 556 (9th Cir. 2018).  This Court awarded MPS attorneys' fees in the amount of $17,582.50 and costs in the amount of $83.24.  *See Lenk v. Monolithic Power Sys., Inc.*, No. 16-CV-02625-BLF.

***Lenk III***:  In March 2018, Lenk filed a third suit against MPS, reasserting his claims for wrongful discharge and violations of Title VII and § 1981, and also asserting claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and California state law.  *See Lenk v. Monolithic Power Sys. Inc.*, No. 19-CV-03791-BLF.  Lenk named MPS, his former supervisor Sciammas, and MPS's former law firm as defendants.  *Lenk III* was dismissed under the doctrine of collateral estoppel and for failure to state a claim.  Lenk did not appeal that dismissal.  This Court denied MPS's motion for prevailing party attorneys' fees and costs.

***Lenk IV* (present suit)**:  In November 2020, Lenk filed the present suit against MPS, again asserting claims for violations of Title VII and § 1981, as well as claims under California's Fair Employment and Housing Act ("FEHA"), claims of blacklisting under various states' laws, and claims of unfair competition, intentional interference with prospective economic advantage, and unjust enrichment under California law.  *See* Compl., ECF 1.  This Court dismissed the operative first amended complaint ("FAC") by order dated November 10, 2021 ("Dismissal Order"), finding that most claims were barred by res judicata, collateral estoppel, and statutes of limitations, and that others failed to state a claim.  *See* Dismissal Order, ECF 32.

## II.  LEGAL STANDARD

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). "Congress has provided only limited exceptions to this rule under selected statutes granting or protecting various federal rights." *Id*. (internal quotation marks and citation omitted). "Title VII of the Civil Rights Act of 1964 falls into this last category, providing as it does that a district court may in its discretion allow an attorney's fee to the prevailing party." *Id*. at 416. Although the statute itself does not distinguish between prevailing plaintiffs and prevailing defendants, the Supreme Court has held that they are to be treated differently. *See id.* at 416-17. "[A] prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." *Id*. at 417. However, a prevailing defendant may be awarded fees under Title VII only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. at 421.

Prevailing party attorneys' fees also are available under 42 U.S.C. § 1981, *see* 42 U.S.C. § 1988(b), and FEHA, *see* Cal. Gov't Code § 12965(c)(6). The *Christiansburg* standard discussed above applies to fee awards under § 1981 and FEHA. *See Miller v. Los Angeles Cty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987) (*Christiansburg* standard governs award of attorneys' fees under 42 U.S.C. §§ 1981 and 1983); *Williams v. Chino Valley Indep. Fire Dist.*, 61 Cal. 4th 97, 99-100 (2015) (*Christiansburg* standard governs award of attorneys' fees under FEHA).

Even after finding a plaintiff's claims to be frivolous, "the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case." *Thomas v. City of Tacoma*, 410 F.3d 644, 651 (9th Cir. 2005) (internal quotation marks and citation omitted). A court must take particular care in cases brought by pro se plaintiffs. *See Miller*, 827 F.2d at 620. "[P]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Id*. Moreover, a district court "should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant," particularly when a fee request against an individual plaintiff is a sizeable one. *Id*. at 621.

3

### III. DISCUSSION

MPS seeks an award of attorneys' fees in the amount of $49,740 and costs in the amount of $215.30, arguing that all of Lenk's claims were frivolous, unreasonable, and groundless. In opposition, Lenk argues that his claims were not frivolous, unreasonable, or groundless. Lenk also states that he has not been employed since March 2013 and thus has little ability to pay any award.

MPS is the prevailing party in this case, as all of Lenk's claims have been dismissed without leave to amend, the action has been dismissed with prejudice, and judgment has been entered for MPS and against Lenk. *See* Dismissal Order, ECF 32; Judgment, ECF 33. As a result, the Court clearly has discretion to award MPS attorneys' fees and costs incurred in litigating Lenk's claims brought under Title VII, § 1981, and FEHA if the Court finds that the *Christiansburg* standard is met. For the reasons discussed below, the Court finds that it also has discretion to award MPS attorneys' fees and costs incurred in litigating Lenk's state law claims.

The Court first discusses whether Lenk's claims were frivolous, unreasonable, or groundless as required under *Christiansburg*. Next, the Court addresses MPS's showing that the requested fees and costs were reasonably incurred in defending this suit. Finally, the Court considers Lenk's pro se status and other factors relevant to the exercise of its discretion in awarding prevailing party fees and costs to a defendant.

#### A. Lenk's Claims were Frivolous, Unreasonable, or Groundless

Lenk filed the complaint in this action on November 16, 2020 and filed a FAC as of right on March 8, 2021. *See* Compl., ECF 1; FAC, ECF 25. The FAC, which was the operative pleading at the time the action was dismissed, contained eleven claims: (1) retaliation under Title VII; (2) civil rights violation under 42 U.S.C. § 1981; (3) retaliation under FEHA; (4) harassment under FEHA; (5) hostile work environment under FEHA; (6) blacklisting under California state law; (7) blacklisting under Washington state law; (8) blacklisting under Arizona state law; (9) violation of California's Unfair Competition Law ("UCL"); (10) intentional interference with prospective economic relations; and (11) unjust enrichment. FAC, ECF 25.

### 1. Claims 1-5 under Title VII, § 1981, and FEHA

Claims 1-5 of the FAC were brought under Title VII, § 1981, and FEHA. All of those statutes contain fee shifting provisions which, under *Christiansburg*, authorize an award of fees and costs to a prevailing defendant if the plaintiff's claims were frivolous, unreasonable, or groundless. *See Christiansburg*, 434 U.S. at 422. "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 421-22. The Court has no difficulty finding that Claims 1-5 were frivolous, unreasonable, or groundless when brought.

*Claim 1 (Title VII)*: Claim 1 alleged retaliation under Title VII. The claim was dismissed as barred by collateral estoppel based on the Court's dismissal of a nearly identical Title VII claim with prejudice in *Lenk III*. *See* Dismissal Order at 8, ECF 32. The only aspect of the Title VII claim not barred by collateral estoppel was Lenk's new assertion that MPS blacklisted him, which was purely speculative and implausible. *See id.* at 8-9. Given the dismissal of a nearly identical Title VII claim in *Lenk III*, and the absence of any facts whatsoever to support his new blacklisting theory, it was clear at the time Lenk filed the present suit that Claim 1 was frivolous, unreasonable, and groundless.

*Claim 2 (§ 1981)*: Claim 2 alleged race discrimination under § 1981. The claim was barred by res judicata based on the Court's dismissal of an identical § 1981 claim with prejudice in *Lenk III*. *See* Dismissal Order at 10. Lenk's reassertion of the same claim in *Lenk IV* was frivolous, unreasonable, and groundless.

*Claim 3-5 (FEHA)*: Claims 3, 4, and 5 recast Lenk's prior allegations of constructive discharge, race discrimination, and retaliation as new claims under FEHA. The claims were barred by collateral estoppel, were time-barred, and were devoid of factual support. *See* Dismissal Order at 10-13. Lenk's attempt to recast claims previously rejected by the Court in *Lenk III* was frivolous, unreasonable, and groundless.

### 2. Claims 6-11 under State Law

MPS seeks attorneys' fees for defending against Lenk's state law claims (in addition to his

5

civil rights claims) under the civil rights fee statutes discussed above. The availability of fees for defending the state law claims is not squarely addressed by MPS. Whether fees for state law claims are available under civil rights fee shifting statutes is an open question in the Ninth Circuit. *See Harris v. Maricopa Cty. Superior Ct.*, 631 F.3d 963, 976 n.6 (9th Cir. 2011). In *Harris*, the Ninth Circuit observed that the Seventh Circuit allows recovery of attorneys' fees for pendant state law claims under federal civil rights fee statutes where the state law claims arose under a common nucleus of operative fact with a substantial federal claim. *See id.* (citing *Munson v. Milwaukee Bd. of Sch. Dirs.*, 969 F.2d 266, 271-72 (7th Cir. 1992). The Ninth Circuit declined to decide the issue, which had not been raised in the appeal before it. *See id.*

Absent guidance from the Ninth Circuit, each district court "must decide for itself whether to award fees for both the frivolous federal civil rights claims and the interrelated frivolous state law claims" to a prevailing defendant. *Crane-McNab v. Cty. of Merced*, 773 F. Supp. 2d 861, 884 (E.D. Cal. 2011). In *Crane-McNab*, the district court awarded the prevailing defendant fees spent defending frivolous § 1983 claims and frivolous state law claims that arose from the same set of facts as the § 1983 claims. *See id.* at 884-885. The *Crane-McNab* court reasoned that since prevailing plaintiffs in civil rights actions may recover fees for state law claims that are interrelated with substantial federal claims, prevailing defendants should be able to do so as well. *See id.* Other district courts within the Ninth Circuit have treated federal and state law claims as one action for purposes of fee awards when the claims are factually or legally related. *See, e.g., McAnally v. Clark Cty.*, No. 0204CV01220LRHLRL, 2006 WL 240896, at *1 (D. Nev. Jan. 27, 2006).

This Court finds these cases, and the Seventh Circuit's *Munson* decision, to be persuasive and finds that it has discretion to award MPS attorneys' fees spent defending Lenk's state law claims if those claims arose out of the same facts as Lenk's federal civil rights claims and were frivolous, unreasonable, and groundless.

*Claims 6-8 (Blacklisting)*: Claims 6, 7, and 8 alleged blacklisting under California law, Washington law, and Arizona law, respectively. The state law blacklisting claims were based on the same operative facts as the portion of Lenk's Title VII claim based on MPS's alleged

6

1  blacklisting conduct.  The Court dismissed the state law blacklisting claims as implausible,

2  pointing out that Lenk had not alleged any facts giving rise to an inference that MPS blacklisted

3  him, and that Lenk's bare speculation that MPS must have given him a negative reference because

4  no other company hired him was insufficient to state a claim.  *See* Dismissal Order at 13-15.  The

5  Court finds that the state law blacklisting claims were frivolous, unreasonable, and groundless.

6      *Claims 9-10: (UCL and Interference with Prospective Economic Advantage)*:  Claims 9

7  and 10, for violation of California's UCL and for interference with prospective economic

8  advantage, were based on MPS's alleged discriminatory and blacklisting conduct.  Those claims

9  arise out of the same facts as Lenk's Title VII and § 1981 claims, and were dismissed for the same

10  reasons as the federal claims.  The Court finds that these state law claims were frivolous,

11  unreasonable, and groundless when brought.

12      *Claim 11 (Unjust Enrichment)*:  Claim 11, for unjust enrichment, was based on the same

13  allegations of constructive discharge, harassment, retaliation, and race discrimination that underlie

14  his Title VII and § 1981 claims.  The claim was dismissed as barred by collateral estoppel an also

15  as time-barred.  *See* Dismissal Order at 16-17.  The Court finds that the claim was frivolous,

16  unreasonable, and groundless when brought.

17      **B.**    **MPS's Claimed Attorneys' Fees and Costs are Reasonable**

18  "Calculation of attorney's fees begins with a lodestar figure:  the number of hours

19  reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Miller*, 827 F.2d at

20  621.  MPS has submitted a declaration of counsel and counsel's billing records in this case.  *See*

21  Snyder Decl., ECF 36-1.  The declaration and billing records establish that counsel expended and

22  billed MPS for 93.6 hours of time in defending this action.  *See* Snyder Decl. ¶ 14 & Exh. 1.  That

23  total represents 56.4 hours of Mr. Snyder's time, billed at $475 per hour, and 37.2 hours of Ms.

24  Stark's time, billed at $375 per hour.  *See id.*  Multiplying the hours billed by the rates indicated

25  results in a total of $49,740 in attorneys' fees billed in this action.

26      The Court finds that number of hours spent by counsel on this case is reasonable given the

27  number of claims alleged and the substantial motion practice, which included MPS's two motions

28  to dismiss, Lenk's motion for reconsideration, and Lenk's motion to alter or amend judgment.  It

appears from Mr. Snyder's declaration that every effort was made to avoid duplicating work that had been performed in connection with Lenk's prior actions. Moreover, the hourly rates charged to MPS are reasonable and in fact below market for lawyers practicing in the Bay Area. *See id.* ¶ 9. Accordingly, MPS's lodestar figure for attorneys' fees is $49,740. "There is a strong presumption that the lodestar figure represents a reasonable fee." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). The Court finds that there is no basis to adjust the lodestar figure pursuant to the *Kerr* factors that are not already subsumed in the initial lodestar calculation. *See id.* at 363-64.

Accordingly, the Court concludes that MPS reasonably incurred attorneys' fees of $49,740. The Court also finds that MPS reasonably incurred costs in the amount of $215.30. *See* Snyder Decl. ¶ 15.

### C.   Consideration of Lenk's Pro Se Status and Financial Resources

Determining the amount of reasonable fees and costs incurred by MPS is not the end of the inquiry. Even after finding a plaintiff's claims to be frivolous, "the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case." *Thomas*, 410 F.3d at 651 (internal quotation marks and citation omitted).

"The *Christiansburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se." *Miller*, 827 F.2d at 620. "[P]ro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Id*. However, "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant." *Id*. Evidence that a pro se plaintiff "brought his claims to federal court in bad faith" also would support an attorneys' fees award. *Id*.

In addition to these considerations, "a district court in cases involving 42 U.S.C. §§ 1981, 1983 or Title VII should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant." *Miller*, 827 F.2d at 621. "This is particularly true when the fee request against an individual plaintiff is . . . sizable." *Id*. (discussing attorneys' fees in the amount of $48,375). "While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill

8

the deterrent purposes of 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k), the award should not subject the plaintiff to financial ruin." *Id*.

MPS argues persuasively that a substantial attorneys' fees award is warranted in light of Lenk's repeated attempts to bring frivolous claims that have been dismissed in prior iterations of this lawsuit. The Court has been reluctant to award attorneys' fees in Lenk's prior actions in light of his pro se status. In *Lenk II*, the Court granted MPS's motion for prevailing party attorneys' fees only in part, awarding $17,582.50 of the $97,725.57 requested. *See Lenk v. Monolithic Power Sys., Inc.*, No. 16-CV-02625-BLF, 2018 WL 500267, at *11 (N.D. Cal. Jan. 19, 2018). While the Court concluded that *Lenk II* was not frivolous when filed, it found that Lenk's filing of three post-judgment motions pursuant to Federal Rule of Civil Procedure 60 was unreasonable and awarded MPS the reasonable attorneys' fees in incurred in opposing those motions. *Id*. In *Lenk III*, the Court denied MPS's motion for prevailing party attorneys' fees altogether, finding that the action was not frivolous when filed and that the record did not support a finding that Lenk acted in bad faith. *Lenk v. Monolithic Power Sys. Inc.*, No. 19-CV-03791-BLF, 2020 WL 4673950, at *3-5 (N.D. Cal. Aug. 12, 2020).

In the present case, however, the Court has found that all of Lenk's claims were frivolous, unreasonable, and groundless when brought, for the reasons discussed above. Moreover, when dismissing the present case, the Court found that "Lenk's insistence on reasserting claims based on his alleged constructive discharge in the face of three adverse judgments suggests that he is acting in bad faith." *Lenk v. Monolithic Power Sys., Inc.*, No. 20-CV-08094-BLF, 2021 WL 5233078, at *10 (N.D. Cal. Nov. 10, 2021). The Court concludes that Lenk's commencement of this fourth action against MPS, based on theories that have been expressly rejected by this Court, merits a substantial award of attorneys' fees to MPS. In determining the appropriate award, the Court is mindful of the fact that Lenk litigated this action *in forma pauperis*, and that the complaint and FAC filed in this action reflect his inability to obtain employment in his field after leaving MPS in 2013. *See* Order Granting IFP Applic., ECF 21; FAC ¶¶ 197-207.

The Court finds that an award of attorneys' fees in the amount of $25,000 strikes the appropriate balance between deterrence of frivolous civil rights suits, particularly those brought in

9

1  bad faith, and consideration of Lenk's pro se status and financial circumstances. The $25,000

2  figure, at just over half of the attorneys' fees reasonably incurred by MPS, is substantial but not so

3  large as to financially ruin Lenk based on the information provided in his application to proceed *in*

4  *forma pauperis*. *See* IFP Applic., ECF 17. The Court also finds that an award of costs in the

5  amount of $215.30 is reasonable.

## IV. ORDER

(1) MPS's Motion for Prevailing Party Attorneys' Fees and Costs is GRANTED IN PART AND DENIED IN PART.

(2) MPS SHALL recover from Lenk $25,000 in attorneys' fees and $215.30 in costs, for a total recovery of $25,215.30.

(3) This order terminates ECF 36.

Dated: March 18, 2022

_____
BETH LABSON FREEMAN
United States District Judge

10