# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LAWRENCE LENK,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>Defendant. | Case No. 20-cv-08094-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**<br><br>[Re: ECF 56] |

This is the fourth unsuccessful lawsuit that *pro se* Plaintiff Kenneth Lenk ("Lenk") has filed against his former employer, Defendant Monolithic Power Systems, Inc. ("MPS"), in the nine years since he left the company in 2013. The Court dismissed this suit with prejudice under Federal Rule of Civil Procedure 12(b)(6) and thereafter denied Lenk's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The Ninth Circuit has dismissed Lenk's appeal of the judgment for failure to prosecute.

Lenk now seeks relief from judgment under Federal Rule of Civil Procedure 60(b). The Court finds the motion suitable for decision without further briefing and without oral argument. *See* Civ. L.R. 7-1 (b). The Rule 60(b) motion is DENIED for the reasons discussed below.

**I.  BACKGROUND**

Lenk has filed four successive lawsuits against MPS, asserting claims of discrimination, constructive discharge, and related claims. The first suit was dismissed in 2016 for failure to state a claim upon which relief could be granted, and Lenk's appeal was dismissed as frivolous. *See Lenk v. Monolithic Power Systems*, Inc., No. 15-cv-01148. The second suit was dismissed in 2017

as barred by the doctrine of *res judicata*, and the dismissal was affirmed on appeal. *See Lenk v. Monolithic Power Systems*, Inc., No. 16-cv-02625. The third suit was dismissed in 2020 as barred by collateral estoppel and California's litigation privilege, and for failure to state a claim, and Lenk did not appeal. *See Lenk v. Monolithic Power Systems*, Inc., No. 19-cv-03791.

The present fourth suit was dismissed on November 10, 2021 as barred by collateral estoppel and the *Noerr-Pennington* doctrine, and for failure to state a claim. *See* Order Granting Def.'s Mot. to Dismiss, ECF 32; Judgment, ECF 33. Lenk filed a fifteen-page Rule 59(e) motion, which this Court denied as a rehash of arguments previously considered and rejected. *See* Order Den. Rule 59(e) Mot., ECF 44. On April 8, 2022, the Ninth Circuit dismissed Lenk's appeal of the judgment for failure to prosecute. *See* Order of USCA, ECF 48. Lenk's appeal of this Court's order awarding prevailing party attorneys' fees to MPS remains pending. *See* Am'd Not. of Appeal, ECF 50; Second Am'd Not. of Appeal, ECF 55.

Lenk filed his current Rule 60(b) motion, seeking relief from judgment, on May 18, 2022.

**II. DISCUSSION**

Lenk seeks relief from judgment under Rule 60(b)(1) and (b)(2). The Court first addresses its jurisdiction to decide the motion, and then it turns to the merits of the motion.

**A.     This Court has Jurisdiction to Decide Lenk's Rule 60(b) Motion**

In general, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). This rule is not absolute, however. The filing of one of several motions enumerated in Federal Rule of Appellate Procedure 4 renders a notice of appeal ineffective pending disposition of such motion. *See* Fed. R. App. P. 4(a)(4)(A). This is true even if the motion is filed after the notice of appeal. *See Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988).

As relevant here, a Rule 60(b) motion renders a notice of appeal ineffective "if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). If a Rule 60(b) motion is filed after that 28-day period, but otherwise is timely, the district court retains jurisdiction to defer or deny the motion during the pendency of the appeal but cannot grant

the motion absent remand from the appellate court. *See* Fed. R. Civ. P. 62.1(a); *Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc.*, 737 F. App'x 304, 305 (9th Cir. 2017). Finally, where the appellate court has disposed of an appeal and issued the mandate before the Rule 60(b) motion is filed, jurisdiction over the case is returned to the district court and the district court has authority to rule on the motion. *See A.T. by & through L.T. v. Dry Creek Joint Elementary Sch. Dist.*, No. 2:16-CV-02925-MCE-DB, 2021 WL 978897, at *3 (E.D. Cal. Mar. 16, 2021) ("[O]nce the Ninth Circuit issued its mandate, the [district court] resumed jurisdiction over the case.").

Lenk's Rule 60(b) motion was filed more than 28 days after the judgment. The motion otherwise is timely, as it was filed within one year of the judgment. *See* Fed. R. Civ. P. 60(c). Consequently, if Lenk's appeal of the judgment were still pending, this Court would retain authority to deny the Rule 60(b) motion (but not to grant it). *See* Fed. R. Civ. P. 62.1(a); *Out of the Box*, 737 Fed. App'x at 305. The Ninth Circuit dismissed that appeal, however, and the mandate became effective on April 29, 2022. *See* Order of USCA, ECF 48. Accordingly, jurisdiction was returned to the district court before Lenk filed the present Rule 60(b) motion on May 18, 2022.

### B.     Lenk's Rule 60(b) Motion Lacks Merit

Lenk seeks relief from judgment under Rule 60(b)(1) and (b)(2). Subsection (b)(1) allows a court to grant relief based on a showing of "mistake, inadvertence, surprise, or excusable neglect," and subsection (b)(2) allows a court to grant relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b).

Lenk has not demonstrated that relief is warranted under either of these provisions. His motion for relief under Rule 60(b)(1) boils down to an argument that the Court erred in dismissing his action and in denying his motion for relief under Rule 59(e). Lenk frankly admits that in the wake of his unsuccessful Rule 59(e) motion, his current Rule 60(b) motion "is another attempt to correcy [sic] by providing adequate facts to serve justice." Pl.'s Mot. at 5, ECF 56. Lenk's refusal to accept this Court's rulings, and reassertion of arguments previously considered and rejected, do not constitute grounds for relief under Rule 60(b)(1). *See Am. Ironworks & Erectors, Inc. v. N.*

*Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (affirming denial of Rule 60(b) motion where movants "simply reargued their case").

Lenk's motion for relief under Rule 60(b)(2) fares no better. Lenk "reiterates the facts (presented in his *59(e)* motion) as they remain relevant." Pl.'s Mot. at 6 (italics and parenthetical in original). Resubmission of evidence and arguments already considered by the Court does not warrant relief. *See Am. Ironworks*, 248 F.3d at 899. Lenk also presents "evidence that could not have been submitted prior, since the events occurred post Judge Freeman's order." *Id*. at 7. Evidence regarding events that occurred after dismissal of this action is outside the scope of the pleadings and does not constitute a basis for relief.

In short, Lenk has not demonstrated a basis for relief under Rule 60(b)(1) or (b)(2).

## III. ORDER

(1)   Lenk's motion for relief from judgment under Rule 60(b) is DENIED.

(2)   This order terminates ECF 56.

Dated:  May 24, 2022

_____
BETH LABSON FREEMAN
United States District Judge