UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH LAWRENCE LENK,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,

Defendant.

Case No. 20-cv-08094-BLF   (HSG)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**

Re: Dkt. No. 62

Pending before the Court is Plaintiff's motion for recusal of United States District Judge Beth Labson Freeman. Dkt. No. 62. For the reasons below, the Court **DENIES** the motion.

This is Plaintiff's third time seeking to recuse Judge Freeman in various cases filed against his former employer, Defendant Monolithic Power Systems, Inc. ("MPS"). Plaintiff has filed four successive lawsuits against MPS. All have been dismissed.[1]

Plaintiff first sought to recuse Judge Freeman in his second case, *Lenk II.*[2] Judge Freeman squarely addressed and rejected Plaintiff's argument regarding her husband's prior employment at Jones Day. *See Lenk II*, No. 16-cv-02625 (Dkt. No 126). Plaintiff tried again in his third case, *Lenk III*, advancing the same argument, and Judge Freeman referred the motion to another district judge. *See Lenk III*, No. 19-cv-03791 (Dkt. No. 39). Judge Lucy Koh denied the motion. *See id.*

---

[1] *See Lenk v. Monolithic Power Sys., Inc.* (*Lenk*), No. 15-cv-01148 (dismissed for failure to state a claim, appeal dismissed as frivolous); *Lenk v. Monolithic Power Sys., Inc.* (*Lenk II*), No. 16-cv-02625 (dismissed as barred by the doctrine of *res judicata*, dismissal affirmed on appeal); *Lenk v. Monolithic Power Sys., Inc.* (*Lenk III*), No. 19-cv-03791 (dismissed as barred by collateral estoppel, California's litigation privilege, and for failure to state a claim). The present case was dismissed on November 10, 2021, as barred by collateral estoppel, the *Noerr-Pennington* doctrine, and failure to state a claim. *See* Dkt. Nos. 32, 33.

[2] Plaintiff also argued for recusal of Magistrate Judge Nathanael Cousins, which the court addressed and denied twice. *See Lenk II*, No. 16-cv-02625 (Dkt. Nos. 76, 126).

United States District Court
Northern District of California

United States District Court
Northern District of California

(Dkt. No. 46).

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455.  The substantive test for personal bias or prejudice is identical under both.  *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Specifically, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).

Plaintiff's argument regarding Jones Day has already been reviewed and rejected twice, and Plaintiff does not present anything new that would lead a "well-informed, thoughtful observer" to question Judge Freeman's impartiality.  *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted).  The remainder of Plaintiff's arguments amount to "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" that are insufficient to support recusal.  *Id.*  For example, Plaintiff cites polls and news articles discussing low confidence in the United States Supreme Court and judicial corruption.  *See* Dkt. No. 62 at 1–2.  Plaintiff also theorizes that opposing counsel colluded with Judge Freeman based solely on an email to Plaintiff in which opposing counsel expressed well-founded confidence that this case would be dismissed.  *Id.* at 3.

Plaintiff also makes much of Judge Freeman's finding that his claims were frivolous.  *Id.* at 4; *see also* Dkt. No. 47 at 4–7.  Judicial rulings may constitute grounds for appeal—for which Plaintiff has already filed several notices—but they do not form a valid basis for recusal.  *United States v. Holland,* 519 F.3d 909, 913–914 (9th Cir. 2008).

Thus, the Court **DENIES** Plaintiff's motion for recusal.  Dkt. No. 62.

**IT IS SO ORDERED.**

Dated:   10/17/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

2