United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LAWRENCE LENK,<br><br>  Plaintiff,<br><br>  v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>  Defendant. | Case No. 20-cv-08094-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**<br><br>[Re: ECF 80, 81] |

Before the Court are two post-judgment motions filed by pro se Plaintiff Kenneth Lenk ("Lenk"): (1) Request for Counsel (ECF 81) and (2) Motion to Amend or Alter Judgment Pursuant to FRCP 59(e) (ECF 80). Defendant Monolithic Power Systems, Inc. ("MPS") has filed opposition (ECF 82) to the Rule 59(e) motion. The Court finds the motions suitable for decision without further briefing and without oral argument. *See* Civ. L.R. 7-1 (b).

Lenk's motions are DENIED for the reasons discussed below.

**I.    BACKGROUND**

This is the fourth unsuccessful lawsuit Lenk has filed against his former employer, MPS, since leaving the company in 2013. The Court dismissed the suit on November 10, 2021 on the grounds that it was barred by collateral estoppel, was barred by the *Noerr-Pennington* doctrine, and failed to state a claim. *See* Order, ECF 32; Judgment, ECF 33. The Court granted in part MPS's motion for prevailing party attorneys' fees and costs, awarding MPS $25,215.30 in fees and costs ("attorneys' fees order"). *See* Attorneys' Fees Order, ECF 47.

The Court denied several post-judgment motions filed by Lenk, including a first Rule 59(e) motion directed to the judgment, a second Rule 59(e) motion directed to the attorneys' fees order, and a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). *See* Orders, ECF 44, 51, 57. Another post-judgment motion, seeking recusal of the undersigned judge, was referred to and denied by Judge Haywood S. Gilliam, Jr. *See* Order, ECF 69.

Lenk's appeals of the judgment, the attorneys' fees order, and the denial of his Rule 60(b) motion were dismissed by the Ninth Circuit for failure to prosecute. *See Lenk v. Monolithic Power Sys., Inc.*, No. 21-17035; *Lenk v. Monolithic Power Sys., Inc.*, No. 22-15568; *Lenk v. Monolithic Power Sys., Inc.*, No. 22-15887.

On November 8, 2022, this Court granted MPS's request for entry of an amended judgment incorporating the award of $25,215.30 in attorneys' fees and costs. *See* Order, ECF 77; Am'd Jud., ECF 78. Lenk has filed a third Rule 59(e) motion directed to the amended judgment. *See* Mot., ECF 80. He also has filed a request for appointment of counsel. *See* Req., ECF 81. MPS has filed an opposition to Lenk's third Rule 59(e) motion, and has not responded to his request for appointment of counsel.

## II. PLAINTIFF'S REQUEST FOR COUNSEL (ECF 81)

Lenk requests that the Court appoint counsel to represent him in this case. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id*. In making a determination whether exceptional circumstances exist, the court must consider both the ability of the plaintiff to articulate his or her claims pro se and the plaintiff's likelihood of success on the merits. *Id*.

Because Lenk litigated this action in forma pauperis, the Court will presume that he qualifies as an indigent civil litigant. However, neither of the other relevant considerations favors appointing counsel. Lenk is able to articulate his claims, and there is no likelihood that he will prevail on the only outstanding motion in this case, his current Rule 59(e) motion challenging entry of the amended judgment. The deficiencies of that motion are discussed below.

Lenk's request for appointment of counsel is DENIED.

### III.   PLAINTIFF'S RULE 59(e) MOTION (ECF 80)

Under Rule 59(e), a party may file a motion to alter or amend a judgment within 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Lenk timely filed his current Rule 59(e) motion, seeking reconsideration of the amended judgment, within 28 days after entry of the amended judgment. *See* Am'd Jud., ECF 78; Pl.'s Mot., ECF 80. Lenk asserts that the Court should reconsider entry of the amended judgment because it failed to consider his opposition.

Lenk is correct that the Court failed to consider his timely opposition to MPS's request for entry of an amended judgment. *See* Pl.'s Opp., ECF 74. Unfortunately, the docket entry of Lenk's filing indicated that it related to Lenk's motion for recusal of the undersigned, which had been referred to another district judge. *See id.* However, consideration of Lenk's opposition would not have resulted in a different outcome. The Court's order requiring briefing on MPS's request for entry of an amended judgment indicated that the Court's concern was whether it had "authority to enter an amended judgment approximately a year after entry of the original judgment." Order Req. Add'l Briefing, ECF 70. Lenk's opposition did not address the Court's authority to enter an amended judgment, but instead challenged MPS's entitlement to attorneys' fees and costs. *See* Pl.'s Opp. ECF 74. MPS's entitlement to attorneys' fees and costs was determined by this Court's attorneys' fees order, *see* ECF 47, and Lenk's appeal of that order was dismissed for failure to prosecute, *see Lenk v. Monolithic Power Sys., Inc.*, No. 22-15568. That order thus is final, and Lenk has not cited any authority suggesting that the Court was without authority to amend the judgment to reflect a final award of attorneys' fees and costs.

Lenk's Rule 59(e) motion is DENIED.

### IV.   ORDER

(1)   Lenk's Request for Counsel is DENIED.

(2)   Lenk's Motion to Amend or Alter Judgment Pursuant to FRCP 59(e) is DENIED.

(3)   This order terminates ECF 80 and ECF 81.

Dated: January 3, 2023

BETH LABSON FREEMAN
United States District Judge

3