UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LAWRENCE LENK,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>Defendant. | Case No.  20-cv-08094-BLF<br><br>**ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) (ERRONEOUSLY TITLED AS THIRD MOTION)**<br><br>[Re: ECF 49] |

Plaintiff Kenneth Lawrence Lenk ("Lenk") has filed a fourth motion[1] to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Mot., ECF 84.  Defendant Monolithic Power Systems, Inc. ("MPS") has filed opposition and Lenk has filed a reply. *See* Opp., ECF 85; Reply, ECF 86.  The Court finds the motion suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

Lenk "requests amended judgment pursuant to *Rule 59(e)*" based on his assertion that the undersigned judge was required to withdraw from the case pursuant to 28 U.S.C. § 455 but failed to do so.  Mot. at 1 (emphasis in original).  Lenk requests that the Court amend the judgment in this case, as well as the judgments in his three prior unsuccessful cases against MPS, and that all fee awards against him be vacated.  *See id.* at 10.

---

[1] Lenk erroneously titles the motion as his third under Rule 59(e), but he has filed three prior Rule 59(e) motions in this case:  a first Rule 59(e) motion filed on December 3, 2021, *see* ECF 34, and denied on February 15, 2022, *see* ECF 44; a second Rule 59(e) motion filed on April 14, 2022, *see* ECF 49, and denied on April 18, 2022, *see* ECF 51; and a third Rule 59(e) motion filed on November 18, 2022, *see* ECF 80, and denied on January 3, 2023, *see* ECF 83.

1    Lenk's Rule 59(e) motion is untimely and this Court therefore is without authority to
2    consider it. "A motion to alter or amend a judgment must be filed no later than 28 days after the
3    entry of the judgment." Fed. R. Civ. P. 59(e). "[T]he district court has no discretion to consider a
4    late rule 59(e) motion." *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992); *see also*
5    *Amerson v. Kindredcare, Inc.*, 606 F. App'x 371, 372 (9th Cir. 2015) ("The time period for filing
6    a Rule 59(e) motion is jurisdictional and cannot be extended by the court."). The amended
7    judgment in this case was entered on November 8, 2022. *See* Am'd Jud., ECF 78. The current
8    Rule 59(e) motion was filed more than 28 days later, on January 30, 2023. *See* Mot., ECF 84.
9    Accordingly, Lenk's current motion for relief under Rule 59(e) must be denied as untimely.

10   The Court observes that the purported basis for Lenk's current motion, that the
11   undersigned should have recused under 28 U.S.C. § 455, was previously raised and rejected in this
12   action. On July 2, 2022, Lenk filed a motion for recusal under 28 U.S.C. §§ 144 and 455, raising
13   the same arguments presented in his current untimely Rule 59(e) motion. *See* Mot. for Recusal,
14   ECF 62. The motion for recusal was randomly reassigned to Judge Haywood S. Gilliam for
15   disposition. *See* Clerk's Notice, ECF 65. Judge Gilliam denied the motion for recusal, and denied
16   Lenk's motion for reconsideration of that ruling. *See* Orders, ECF 69, 76. Lenk has provided no
17   legal authority for the proposition that he may simply renew his recusal-related arguments in a
18   new filing under Rule 59(e). For that reason, Lenk's current Rule 59(e) motion would be subject
19   to denial even if it were timely (which it is not).

20   Plaintiff's Rule 59(e) motion is DENIED as untimely.

22   Dated: March 6, 2023

_____
BETH LABSON FREEMAN
United States District Judge