1
2
3                    **UNITED STATES DISTRICT COURT**
4                   **NORTHERN DISTRICT OF CALIFORNIA**
5                        **SAN JOSE DIVISION**
6

7   KENNETH LAWRENCE LENK,            Case No.  20-cv-08094-BLF
8                Plaintiff,
                                      **ORDER DECLARING KENNETH**
9        v.                           **LENK A VEXATIOUS LITIGANT AND**
                                      **IMPOSING PRE-FILING REVIEW**
10   MONOLITHIC POWER SYSTEMS, INC.,  **REQUIREMENT**
11               Defendant.           [Re:  ECF 111]
12
13

14        *Pro se* Plaintiff Kenneth Lenk ("Lenk") worked for Defendant Monolithic Power Systems,

15   Inc. ("MPS") for one year before leaving the company in 2013.  He spent the next decade

16   litigating four lawsuits against MPS in this district, asserting claims of constructive discharge,

17   discrimination, harassment, and violations of various federal and state statutes.  All four lawsuits

18   were dismissed, and Lenk was ordered to pay MPS more than $42,000 in attorneys' fees and costs

19   for bringing frivolous claims.  Lenk filed more than a dozen motions for post-judgment relief

20   across the four suits, all of which were denied.  He also filed multiple unsuccessful appeals.

21        Lenk has not paid the attorneys' fees and costs awarded to MPS.  Moreover, he has filed a

22   fifth lawsuit against MPS in the United States District Court for the District of Arizona.  MPS now

23   seeks an order declaring Lenk to be a vexatious litigant and requiring Lenk to obtain leave of court

24   before filing any future lawsuit, pleading, motion, or document against MPS in this district.  *See*

25   Mot., ECF 111.  MPS also seeks an order directing Lenk to pay it the attorneys' fees and costs as

26   previously ordered by the Court, plus interest, and to submit proof of payment.  The motion has

27   been fully briefed and the Court previously vacated the hearing that had been set for July 25, 2024.

28   *See* Order Submitting Motion, ECF 116.

*United States District Court*
*Northern District of California*

MPS's motion is GRANTED IN PART AND DENIED IN PART.  The Court hereby DECLARES Kenneth Lenk to be a vexatious litigant and imposes a pre-filing review requirement with respect to any future lawsuits he brings against MPS in this district arising from his employment with MPS, MPS's alleged "blacklisting" of Lenk, or MPS's defense of lawsuits brought against it by Lenk.

However, the Court finds that MPS has not established a basis for pre-filing review of all future documents Lenk files in the four cases previously litigated in this district, or pre-filing review of all future lawsuits on all possible subjects.  Moreover, the Court finds that MPS has not established that it is appropriate to link Lenk's payment of the previously ordered attorneys' fees and costs to a pre-filing review order.

## I. BACKGROUND

Lenk's lawsuits against MPS are summarized below.  MPS has filed a request for judicial notice of 93 documents relating to those suits, including the docket sheets for each and filings therein.  *See* MPS's RJN, ECF 99-4.  The motion for judicial notice is GRANTED.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

*Lenk I, Case No. 15-cv-01148-NC*

In March 2015, Lenk filed suit against MPS ("*Lenk I*") in this district, alleging constructive discharge and related conduct, including alleged violations of the Fair Labor Standards Act, the Americans with Disabilities Act, and the California Labor Code.  *See* RJN Ex. 6.  After several rounds of motion practice, Lenk's Third Amended Complaint was dismissed without leave to amend for failure to state a claim.  *See* RNJ Ex. 17.  Judgment was entered for MPS and against Lenk in March 2016.  *See* RJN Ex. 18.

Two years later, in March 2018, Lenk filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)  *See* RJN Ex. 19.  That motion was denied, and Lenk filed an appeal in the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), which dismissed the appeal as frivolous.  *See* RJN Exs. 20-21.  Lenk thereafter filed a motion for reconsideration in the district court, which was denied in October 2018.  *See* RJN 22-23.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Lenk II, Case No. 16-cv-02625-BLF*

2        In May 2016, two months after entry of judgment in his first lawsuit, Lenk filed a second

3    suit against MPS ("*Lenk II*"), again alleging constructive discharge and related conduct.  See RJN

4    Ex. 24.  The second suit also named Lenk's former supervisor at MPS, Maurice Sciammas

5    ("Sciammas").  *See id*.  Lenk claimed that MPS and Sciammas discriminated against him in

6    violation of 42 U.S.C. § 1981, and that they retaliated against him in violation of Title VII.  *See id*.

7    This Court dismissed those claims without leave to amend, concluding that they were barred by

8    the doctrine of *res judicata*.  *See* RJN 31.  Judgment was entered for MPS and Sciammas and

9    against Lenk in July 2017.  *See* RJN 32.

10       Lenk filed three post-judgment motions under Rule 60.  *See* RJN 33-34, 36.  This Court

11   denied the first two motions on the merits, noting that Lenk improperly raised arguments

12   previously considered and rejected by the Court.  *See* RJN Ex. 35.  Lenk withdrew the third Rule

13   60 motion after MPS and Sciammas filed opposition indicating they intended to seek sanctions

14   against Lenk under Federal Rule of Civil Procedure 11.  *See* RJN 37-38.  This Court awarded

15   MPS attorneys' fees and costs in the amount of $17,665.74 for having to oppose Lenk's first two

16   Rule 60 motions, finding that "Lenk has engaged in ongoing frivolous litigation tactics related to

17   his previous employment at MPS that two federal courts have now dismissed with prejudice in

18   Lenk I and Lenk II."  RJN Ex. 39 at 12.  The Court noted that it had reduced the award "in light of

19   Lenk's *pro se* status, which must be considered along with Lenk's financial condition when

20   awarding fees to a prevailing defendant in these circumstances."  *Id*. at 18.  Lenk made two

21   requests for reconsideration of the award of attorneys' fees and costs, which were denied by this

22   Court.  *See* RJN Exs. 40-43.  MPS asserts that Lenk nonetheless has not paid the ordered

23   attorneys' fees and costs.

24       The Ninth Circuit affirmed the dismissal of Lenk's complaint in December 2018, finding

25   that "[t]he district court properly dismissed Lenk's action on the basis of claim preclusion because

26   the claims were raised or could have been raised in a prior action between the parties or those in

27   privity with them, and the prior action resulted in a final judgment on the merits."  *Lenk v.*

28   *Monolithic Power Sys., Inc.*, 754 F. App'x 554, 556 (9th Cir. 2018).

United States District Court
Northern District of California

This Court thereafter issued an amended judgment reflecting its award of attorneys' fees and costs to MPS.  The Ninth Circuit dismissed Lenk's appeal of the amended judgment for lack of jurisdiction in October 2023, citing authorities on timeliness.  *See* Ninth Cir. Order, ECF 18 in Case No. 22-16829.  In July 2024, the Ninth Circuit awarded MPS and Sciammas attorneys' fees in the amount of  $12,615.  *See* Ninth Cir. Order, ECF 24 in Case No. 22-16829.

*Lenk III, Case No. 19-cv-03791-BLF*

In March 2018, Lenk filed a third suit against MPS ("*Lenk III*") in the United States District Court for the District of Arizona.  *See* RJN Ex. 45.  He also sued Sciammas and the law firm that represented MPS in *Lenk I* and *Lenk II*.  *See id*.  Lenk asserted federal claims under Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985, and a state law emotional distress claim.  *See id*.  Those claims were based in part on the alleged constructive discharge that had been litigated in *Lenk I* and *Lenk II*, and in part on new allegations that MPS engaged in post-discharge retaliatory conduct by defending itself against *Lenk I* and *Lenk II*.  *See id*.  The Arizona district court transferred the case to the Northern District of California.  *See* RJN Ex. 47.

This Court dismissed the complaint, finding that the doctrine of collateral estoppel precluded Lenk from asserting that he was wrongfully constructively discharged, as that issue actually was litigated in *Lenk I* and *Lenk II*.  *See* RJN Ex. 54.  With respect to the defendants' alleged post-discharge retaliation, the Court found that the conduct described by Lenk consisted of ordinary litigation conduct in defense of *Lenk I* and *Lenk II* and thus could not form the basis of a Title VII retaliation claim.  *See id*.  The Court also found that Lenk had not alleged that he is a member of a racial minority as required under § 1981; had not allege state action as required under § 1983; and had not alleged that he belongs to a protected class as required under § 1985(3).  *See id*.  Finally, the Court determined that Lenk's emotional distress claims based on post-discharge conduct were barred by California's litigation privilege, Cal. Civ. Code § 47(b), and did not allege sufficient facts.  *See id*.

The Court denied leave to amend, finding that " Lenk's insistence on continuing to allege constructive discharge in the face of two adverse judgments smacks of bad faith," and that "[f]orcing Defendants to litigate patently meritless claims arising out of Lenk's 2013 separation

from employment, and Defendants' successful defense of lawsuits regarding that separation, would impose undue prejudice on Defendants[.]"  RJN Ex. 54 at 21.  The Court observed that "[j]udgment in *Lenk I* was entered in 2016, and Judgment in *Lenk II* was entered in 2017, and affirmed by the Ninth Circuit," and opined that "[r]equiring Defendants to continue litigating issues arising out of those lawsuits would be pointless, particularly where Lenk's claims have no hope of viability[.]"  *Id.*

Judgment was entered for Defendants and against Lenk in May 2020.  *See* RJN 55.  Lenk filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59, which was denied by the Court in July 2020.  *See* RJN Ex. 57.

*Lenk IV, Case No. 20-cv-08094-BLF*

In November 2020, Lenk filed a fourth suit against MPS in this district.  *See* RJN 58.  He filed a first amended complaint in March 2021, asserting eleven claims: (1) retaliation under Title VII; (2) civil rights violation under 42 U.S.C. § 1981; (3) retaliation under California's Fair Employment and Housing Act ("FEHA"); (4) harassment under FEHA; (5) hostile work environment under FEHA; (6) blacklisting under California state law; (7) blacklisting under Washington state law; (8) blacklisting under Arizona state law; (9) violation of California's Unfair Competition Law ("UCL"); (10) intentional interference with prospective economic relations; and (11) unjust enrichment.  *See* RJN Ex. 62.  In support of those claims, Lenk once again alleged that MPS constructively discharged him and that MPS engaged in retaliatory and harassing behavior when it defended itself against Lenk's suits.  *See id.*  Lenk also added new allegations that MPS "blacklisted" Lenk after he left the company by transmitting negative job references to On Semiconductor.  *See id.*

This Court dismissed the fourth suit without leave to amend, concluding that Lenk's claims were without merit and that he had acted in bad faith and imposed undue prejudice on MPS by bringing repetitive lawsuits based on the same facts.  *See* RJN Ex. 64.  Judgment was entered for MPS and against Lenk in November 2021.  *See* RJN Ex. 65.  The Court awarded MPS attorneys' fees and costs in the amount of $25,215.30, finding that "all of Lenk's claims were frivolous, unreasonable, and groundless when brought," and that "Lenk's commencement of this fourth

1   action against MPS, based on theories that have been expressly rejected by this Court, merits a

2   substantial award of attorneys' fees to MPS."  *See* RJN Ex. 68.

3       Lenk filed numerous post-judgment motions challenging dismissal of the suit, seeking to

4   reverse the award of attorneys' fees, and asking to have the undersigned recused from the case for

5   bias, all of which were denied as meritless.  *See* RJN Exs. 66-67, 69-86.  Lenk also filed multiple

6   appeals, which the Ninth Circuit dismissed for failure to prosecute.  *See* ECF 48, 79, 107.

7       *Lenk V, Case No. 23-cv-02083*

8       In October 2023, Lenk sued MPS in the District of Arizona for employment

9   discrimination, whistleblower retaliation, and related conduct under federal and state statutes,

10   including the Age Discrimination in Employment Act, the Sarbanes-Oxley Act, California's Fair

11   Employment and Housing Act, and Arizona Revised Statutes § 41-1463.  *See* RJN Ex. 88.  The

12   90-page complaint repeats many of the same allegations, and asserts many of the same claims,

13   raised in the four actions litigated in this district.  *See id.*  That litigation is ongoing.

## II.   LEGAL STANDARD

15       "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power

16   to enter pre-filing orders against vexatious litigants."  *Molski v. Evergreen Dynasty Corp.*, 500

17   F.3d 1047, 1057 (9th Cir. 2007).  "Restricting access to the courts is, however, a serious matter."

18   *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014).  "[T]he right of

19   access to the courts is a fundamental right protected by the Constitution," and "[p]rofligate use of

20   pre-filing orders could infringe this important right."  *Id*. at 1061-62 (internal quotation marks and

21   citations omitted).  Thus, "pre-filing orders should rarely be filed," and only when certain

22   requirements are met.  *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Nevertheless,

23   '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to

24   preempt the use of judicial time that properly could be used to consider the meritorious claims of

25   other litigants.'"  *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148).  A district court

26   therefore has discretion to restrict a litigant's future filings by requiring leave of court.  *See De*

27   *Long*, 912 F.2d at 1146-47.

28       "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants

United States District Court
Northern District of California

United States District Court
Northern District of California

notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48). "The first and second of these requirements are procedural," while the third and fourth requirements are "substantive considerations" helpful to defining who is a vexatious litigant and fashioning an appropriate remedy. *Id*. at 1062.

### III.   DISCUSSION

The Court addresses these four requirements in turn.

#### A.      Notice and Opportunity to Oppose

The first requirement – notice and opportunity to oppose – is satisfied where the litigant is given notice that the court is considering a pre-filing screening order and an opportunity to oppose such order before it issues. *See Ringgold-Lockhart*, 761 F.3d at 1062. A hearing is not required. *See Ou-Young v. Roberts*, No. C-13-4442-EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) (collecting cases).

MPS provided Lenk with notice of its motion. *See* Macklin Decl. ¶¶ 1-5, ECF 99-1. Lenk filed written opposition, which has been considered by the Court. *See* Pl.'s Opp., ECF 113. The Court finds that the first requirement is satisfied.

#### B.      Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id*.

Lenk has filed four actions against MPS that have been litigated in this district in the last ten years. Many of the factual allegations and claims asserted in the earlier actions were repeated in later actions. This order summarizes those four actions and their dispositions. This order also describes a fifth action brought by Lenk against MPS in the District of Arizona, which repeats

7

allegations and claims raised in the four actions litigated in this district.

This record is adequate to show Lenk's repeated assertion of claims against MPS based on the same facts.

### C.   Substantive Findings

Before a district court issues a pre-filing review order, it must make a substantive finding that the litigant's actions have been either frivolous or harassing.  *See Ringgold-Lockhart*, 761 F.3d at 1064.  "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."  *Id.* (internal quotation marks and citation omitted).  "The plaintiff's claims must not only be numerous, but also be patently without merit."  *Id.* (internal quotation marks and citation omitted). As an alternative to frivolousness, the district court may make a finding that the litigant has engaged in a pattern of harassment.  *See id.*  Filing particular types of actions repetitiously is insufficient; the court must discern whether the repetitive filing was motivated by an intent to harass the defendant or the court.  *See id.*  "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties."  *Id.*

The Ninth Circuit has identified five factors that provide "a helpful framework" for determining whether a party is vexatious and whether a pre-filing order is warranted: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."  *Ringgold-Lockhart*, 761 F.3d at 1062 (citation omitted).

The first factor – the history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits – strongly favors a pre-filing screening order for any future suits Lenk seeks to bring against MPS in this district.  Lenk has litigated four actions against MPS in this district and is in the midst of litigating a fifth action against MPS in the District of Arizona.  While his

8

United States District Court
Northern District of California

1    theories of liability are not identical across all the suits, each of the suits is grounded in Lenk's

2    one-year period of employment with MPS, MPS's alleged "blackballing" of Lenk, and MPS's

3    defense of lawsuits brought against it by Lenk.  All four of the suits litigated in this district were

4    dismissed for lack of merit, and those dismissals were affirmed by the Ninth Circuit.  In two of the

5    suits, this Court awarded attorneys' fees and costs to MPS based on the frivolous nature of Lenk's

6    claims.  The Court finds that Lenk's suits against MPS are duplicative and harassing.

7        The third factor inquires whether the plaintiff is represented by counsel.  Lenk is not

8    represented.  The Court therefore treads carefully when considering whether a pre-filing order is

9    warranted.  *See De Long*, 912 F.2d at 1147 (recognizing that the use of pre-filing review orders

10   against *pro se* plaintiffs should be approached with particular caution).  Even considering Lenk's

11   *pro se* status, however, the Court finds that his filings warrant imposition of a pre-filing review

12   requirement.  While the number of suits filed by Lenk is not as egregious as some of the cases

13   addressing vexatious litigant determinations, the duplicative and harassing nature of Lenk's filings

14   outweigh any leniency that may be given due to his *pro se* status.

15       The fourth factor – whether the litigant has caused needless expense to other parties or has

16   posed an unnecessary burden on the courts and their personnel – strongly favors the contemplated

17   pre-filing screening order.  MPS presents evidence that it has incurred at least $844,000 in

18   attorneys' fees and costs in defending against Lenk's lawsuits.  *See* Blegen Decl. ¶ 8, ECF 99-3.

19   There was no merit to the four suits litigated in this district, which required a substantial

20   expenditure of time and resources by the undersigned, other judges in this district, and judges on

21   the Ninth Circuit.  In this Court's view, Lenk's suits against MPS embody the "[f]lagrant abuse of

22   the judicial process" described by the Ninth Circuit that "cannot be tolerated because it enables

23   one person to preempt the use of judicial time that properly could be used to consider the

24   meritorious claims of other litigants."  *Molski*, 500 F.3d at 1057 (internal quotation marks and

25   citation omitted).

26       Finally, the fifth factor asks whether other, less restrictive options, would be adequate.  As

27   noted, the repeated dismissal of his lawsuits has not prevented Lenk from filing new suits.  The

28   imposition of monetary sanctions in the form of attorneys' fees and costs has not deterred Lenk,

and MPS represents that Lenk has not paid those sanctions.  On this record, the Court finds that there are no less restrictive options available.  Consequently, the Court finds that this factor favors imposition of the requested pre-filing review order.

**D.      Narrowly Tailored**

A pre-filing order must be narrowly tailored to the vexatious litigant's wrongful conduct. *See Molski*, 500 F.3d at 1061.  "Narrowly tailored orders are needed to prevent infringement of the litigator's right of access to the courts."  *De Long*, 912 F.2d at 1148 (internal quotation marks and citation omitted).  The Court will address this concern by limiting the pre-filing review order in this case to any future suits that Lenk seeks to bring against MPS arising out of Lenk's employment with MPS, MPS's alleged "blackballing" of Lenk, and MPS's defense of lawsuits brought against it by Lenk.  The Court finds that the broader order requested by MPS, which would require pre-filing review of any document Lenk files in the four cases previously litigated in this district, and pre-filing review of all future lawsuits on all possible subjects, would not be sufficiently narrowly tailored.  Moreover, the Court finds that MPS has not established that it is appropriate to link Lenk's payment of the previously ordered attorneys' fees and costs to a pre-filing review order.

**E.      Lenk's Arguments are Without Merit**

The Court finds that all four requirements for pre-filing review are satisfied.  Lenk's arguments to the contrary are without merit.  To the extent Lenk attempts to argue the merits of his claims against MPS, his opposition brief is not an appropriate vehicle to make those arguments. Lenk's claims have been dismissed with prejudice and those dismissals have been affirmed on appeal and are now final.  The question before the Court is not whether Lenk's prior suits had merit (they did not), but whether his conduct warrants issuance of a pre-filing review order for future suits (it does).

Lenk correctly points out that he has filed far fewer cases than litigants found to be vexatious in some of the leading Ninth Circuit cases on the subject.  *See, e.g., Molski*, 500 F.3d 1047, 1050 (Plaintiff "filed about 400 lawsuits in the federal courts within the districts in California.").  However, the number of cases filed is not dispositive.  "There is no threshold

United States District Court
Northern District of California

number of cases or motions that a litigant must file before a court may enter an order restricting his ability to file." *Day v. Fla.*, No. 14-CV-367RSM, 2014 WL 2116083, at *3 (W.D. Wash. May 21, 2014). After applying the standards set forth by the Ninth Circuit, this Court has concluded that a narrowly tailored pre-filing review order is warranted, and nothing in the cases cited by Lenk mandates a different outcome.

Lenk argues that this Court cannot issue a pre-filing review order because MPS has not satisfied all of the requirements for declaring a litigant vexatious under California state law, specifically, California Civil Code § 391 *et seq*. That argument is not well-taken, because this Court must follow the federal standards set forth above rather than state law in determining whether Lenk is a vexatious litigant. *See Arakji v. Abbott Lab'ys*, No. 5:24-CV-02202-EJD, 2024 WL 4309278, at *6 (N.D. Cal. Sept. 26, 2024) ("Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant.") (internal quotation marks and citation omitted).

## IV.   ORDER

Accordingly, IT IS HEREBY ORDERED that:

(1)     Kenneth Lenk must obtain leave of court before filing any complaint in this district that alleges claims against Monolithic Power Systems, Inc. arising out of Lenk's employment with Monolithic Power Systems, Inc., Monolithic Power Systems, Inc.'s alleged "blackballing" of Lenk, or Monolithic Power Systems, Inc.'s defense of lawsuits brought against it by Lenk.

(2)     The Clerk of Court shall not accept from Kenneth Lenk any complaint alleging claims against Monolithic Power Systems, Inc. arising out of Lenk's employment with Monolithic Power Systems, Inc., Monolithic Power Systems, Inc.'s alleged "blackballing" of Lenk, or Monolithic Power Systems, Inc.'s defense of lawsuits brought against it by Lenk until the complaint has been reviewed by a judge and approved for filing. The Clerk shall forward any such complaint to the general duty judge for pre-filing screening.

(3)     This order terminates ECF 111.

Dated:  October 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge