UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LAWRENCE LENK,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>Defendant. | Case No. 20-cv-08094-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF VEXATIOUS LITIGANT ORDER**<br><br>[Re: ECF 118] |

On October 18, 2024, this Court issued a vexatious litigant order against Plaintiff Kenneth Lenk ("Lenk"), requiring pre-filing review of future complaints Lenk files against his former employer, Monolithic Power Systems, Inc. ("MPS"). *See* Vexatious Litigant Order, ECF 117. Lenk requests leave to file a motion for reconsideration of that order under Federal Rule of Civil Procedure 59(e), which allows a litigant to seek relief from a judgment or final appealable order. *See United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). Lenk's request is construed as a motion for reconsideration, as leave of court is not required to seek relief under Rule 59(e). The Court finds the motion to be appropriate for disposition without a response and without oral argument. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.

Lenk argues that the Court's citation to *Arakji v. Abbott Lab'ys*, No. 5:24-CV-02202-EJD, 2024 WL 4309278 (N.D. Cal. Sept. 26, 2024), "is application of *ex post facto* case law" because *Arakji* was decided after completion of briefing on the vexatious litigant motion. Pl.'s Mot. at 1, ECF 118. Lenk's invocation of the constitutional prohibition on *ex post facto* laws is misplaced, as the Supreme Court has made clear that the prohibition "applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990).

United States District Court
Northern District of California

1  Moreover, *Arakji* was not cited for a new legal principle, but rather for the well-established
2 rule that federal law, rather than state law, governs a district court's vexatious litigant analysis.
3 *See, e.g., Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061-66 (9th Cir. 2014); *De
4 Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Lenk correctly points out that federal
5 law permits district courts to consider state vexatious litigant statutes, but he fails to recognize that
6 such consideration is not required. *See Ringgold-Lockhart*, 761 F.3d at 1061 n.1 (declining to
7 consider California's vexatious litigant statute on appeal where district court in the exercise of its
8 discretion did not rely on state statute).

9  Lenk next complains that the federal standard applied by this Court is "much narrower"
10 and "more stringent" than the state vexatious litigant statute. *See* Pl.'s Mot. at 3. Lenk fails to
11 explain how application of a narrower and more stringent standard – that is, a standard that is more
12 difficult to meet and thus more favorable to him – could have prejudiced him in this case.

13  Lenk's assertion that this Court did not grant him an adequate opportunity to present his
14 claims is unavailing, as final judgment has been entered in the four cases litigated in this district
15 and Lenk's appeals of those judgments have been denied or dismissed.

16  Lenk cites no authority for his assertion that this Court was required to consider his suits
17 against parties other than MPS when ruling on a vexatious litigant motion brought by MPS. He
18 also fails to support his contention that his suits against other parties suits were meritorious. *See,
19 e.g., Lenk v. Semiconductor Component Indus.*, LLC, No. 20-CV-08099-EJD, 2021 WL 3616769
20 (N.D. Cal. Aug. 16, 2021) (transferring suit to another district without addressing the merits).

21  Finally, Lenk argues that reconsideration is warranted based on this Court's failure to
22 address one of the factors identified by the Ninth Circuit as helpful in determining whether a party
23 is vexatious, that is, "the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an
24 objective good faith expectation of prevailing?" *Ringgold-Lockhart*, 761 F.3d at 1062 (citation
25 omitted). The Court's omission of that factor was inadvertent and is rectified here. This Court
26 previously has found that "Lenk's insistence on reasserting claims based on his alleged
27 constructive discharge in the face of three adverse judgments suggests that he is acting in bad
28 faith." *Lenk v. Monolithic Power Sys., Inc.*, No. 20-CV-08094-BLF, 2021 WL 5233078, at *10

(N.D. Cal. Nov. 10, 2021). Consistent with that finding and the record as a whole, the Court finds that Lenk could not have had an objective good faith expectation in prevailing on his repeated lawsuits and motions for post-judgment relief against MPS.

In summary, Lenk has not presented any factual or legal grounds warranting reconsideration of this Court's order finding him to be a vexatious litigant and imposing a pre-filing review requirement.

**ORDER**

(1) Lenk's motion for reconsideration of this Court's vexatious litigant order is DENIED.

(2) This order terminates ECF 118.

Dated: October 31, 2024

BETH LABSON FREEMAN
United States District Judge

3